```
LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs
------------------------------------X----------------------------
UNIQUE ALLEN and JUSTIN RAMOS    :UNITED STATES DISTRICT COURT
                                 :EASTERN DISTRICT OF NEW YORK
              Plaintiff(s),      :
                                 :   CASE No: 14-CV-3204
    against                      :    (RJD) (VMS)
                                 :
                                 :   CIVIL ACTION
THE CITY OF NEW YORK,            :
P.O. TODD HANSEN (SHIELD #13329) : FIRST AMENDED COMPLAINT
SGT. DAMON MARTIN (SHIELD #4173) :
P.O. ROBERT MAYER (SHIELD #18638) :   PLAINTIFF DEMANDS
SGT. ROBERT MARTINEZ (SHIELD #1369):   TRIAL BY JURY
P.O. RADOSLAW TEREPKA(SHIELD #14042):
P.O. ANTHONY DONALDSON(SHIELD #8286):
DET. ALBERT GUT (SHIELD #953)    :
P.O. CHARGES STEIGER (SHIELD #: 4299):
DET. MICHAEL O'BRIEN (SHIELD #: 2221):
DET. ROBERT SCHIERENBECK (SHIELD #7814):
SGT. FRANK FERRARA (SHIELD 1864) :
DET. JORGE SALAZAR (SHIELD #1253) :
DET. GARY GRISOLIA (SHIELD #3145) :
DET. JEFFREY LOUGHERY (SHIELD #6774):
DET. CLIFFORD ALLEN (SHIELD #406) :
                                 :
              Defendant(s).      :
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiffs, Unique Allen and Justin Ramos, hereby appears in this action by their attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiffs, Unique Allen and Justin Ramos, by their attorneys, The Law Offices of O'keke & Associates, P.C.,

1

complaining of the defendants, The City of New York, P.O. Todd Hansen, (Shield #13329), Sgt. Damon Martin (Shield #4173), P.O. Robert Mayer (Shield #18638), Sgt. Robert Martinez (Shield #1369), P.O. Radoslaw Terepka(Shield #14042), P.O. Anthony Donaldson(Shield #8286), Det. Albert Gut (Shield #953), P.O. Charges Steiger (Shield #: 4299), Det. Michael O'brien (Shield #: 2221), Det. Robert Schierenbeck (Shield #7814), Sgt.Frank Ferrara (Shield 1864), Det. Jorge Salazar (Shield #1253) Det. Gary Grisolia (Shield #3145), Det. Jeffrey Loughery (Shield #6774) Det. Clifford Allen (Shield #406), collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and

Fourteenth Amendments to the United States Constitution.

3.   All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4.   As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action has been complied with.

6.   It has been less than three (3) years since the incident complained of herein.

7.   This action, pursuant to applicable Federal and State Law, has been commenced within three (3) years after the happening of the event upon which the claim is based.

## PARTIES

8.   Plaintiffs reside in Brooklyn, New York and are residents of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

10.  Defendants, P.O. Todd Hansen, (Shield #13329), Sgt. Damon Martin (Shield #4173),   P.O. Robert Mayer (Shield #18638), Sgt. Robert Martinez (Shield #1369),    P.O.        Radoslaw

3

Terepka(Shield #14042), P.O. Anthony Donaldson(Shield #8286), Det. Albert Gut (Shield #953), P.O. Charges Steiger (Shield #: 4299), Det. Michael O'brien (Shield #: 2221), Det. Robert Schierenbeck (Shield #7814), Sgt.Frank Ferrara (Shield 1864), Det. Jorge Salazar (Shield #1253) Det. Gary Grisolia (Shield #3145), Det. Jeffrey Loughery (Shield #6774) Det. Clifford Allen (Shield #406) are police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about March 27, 2014, the plaintiffs were at plaintiff's Allen's cousin's house, located at 399 Essex Street, Brooklyn, New York, when the defendants rushed into the premises with guns drawn and flashlights, screaming and instructing everyone to freeze.

13. Plaintiff Allen was walking towards the bedroom when he first saw defendant officers. The defendants immediately grabbed plaintiff Allen, banged plaintiff Allen's head against the wall and then threw plaintiff Allen to the floor.

14. One of the defendant officers then placed one of his foot on the head of plaintiff applying excessive and unnecessary pressure to plaintiff's head with an intent to injure plaintiff.

15. After a few minutes of restraining plaintiff Allen on the floor, the defendant officers picked up plaintiff Allen and threw plaintiff Allen on the bed, and then started

4

searching plaintiff Allen.

16. That plaintiff Allen was stripped search, including a search of plaintiff Allen's private parts, in full view of the defendant officers, and then placed in handcuffs.

17. Plaintiff Ramos was in the living room playing on a computer game, when the defendant officers rushed into the subject premises and grabbed plaintiff Ramos.

18. Plaintiff Ramos, was grabbed off the chair where he was sitting and thrown on the floor, where he remained until the defendant officers searched him and then handcuffed him.

19. That both plaintiffs were then led out of the subject premises and up to a police van, and transported to the NYPD 75th Precinct and placed in separate cells.

20. That while at the precinct, plaintiff Allen repeatedly requested that he be taken to the hospital so as to receive treatment for the injuries caused by the defendants when they assaulted him, but was denied.

21. That plaintiffs remained in the precinct for several more hours, before the plaintiff's were then transported to the Central Bookings Division of the Criminal Court in Kings County, New York.

22. The plaintiffs were then pedigreed and detained in cells with numerous other detainees, where they were held for several hours, without no food and or drink or access to useable restroom facilities

23. That after several more hours of detention in the Central Bookings Division of the Criminal Court, the plaintiffs were called and released through a back door without no explanation of why they had been arrested in the first place.

24. The plaintiffs were never brought before a judge of the

Criminal Court, or given a reason for their arrest and or detention, or why plaintiff Allen was viciously assaulted.

25. That while plaintiffs were being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

26. The factual claim by the defendant officers were materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

27. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

28. That upon information and belief, the plaintiffs were released only after the KCDA, declined to prosecute the plaintiffs based upon the lack of probable cause that existed for the arrest and or prosecution of the plaintiffs.

29. At no time prior to or during the above events was there probable cause to arrest the plaintiffs, nor was it reasonable for the defendants to believe that probable cause existed.

30. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiffs.

31. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

32. As a direct and proximate result of defendants' actions,

6

plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

33. The false arrest of plaintiffs, plaintiffs wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

36. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

37. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

38. Defendant New York City had actual or constructive

knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

39. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

40. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

41. The existence of the unconstitutional customs and policies

may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

42. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

43. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

44. Defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate  level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in

particular.

45.  The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

46.  By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

47.  This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983**

48.  By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49.  The arrest, detention and imprisonment of plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiffs' arrest or subsequent detention.

50.  As a result of plaintiffs' false arrest and imprisonment, they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in their

character and reputation.

51. Consequently, plaintiffs have been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

52. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

53. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:
EXCESSIVE FORCE UNDER 42 U.S.C § 1983**

54. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiffs' constitutional rights.

56. As a result of the aforementioned conduct of the defendant officers, the plaintiffs were subjected to excessive force, resulting in serious and severe physical injuries.

57. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiffs suffered serious personal injuries, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**

**UNLAWFUL SEARCH UNDER 42 U.S.C § 1983**

58. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. Following the plaintiffs' arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiffs and/or their property to be searched and/or strip-searched, without any individualized reasonable suspicion that they were concealing weapons or contraband.

60. As a result of the foregoing, the plaintiffs were subjected to an illegal and improper search and/or strip-search.

61. The foregoing unlawful search violated the plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

62. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and their constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**

**FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

63. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

65. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

66. As a consequence of the defendant officers' individual and/or collective actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and their constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

67. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. Each defendant officer created false evidence against the plaintiffs.

69. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

70. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiffs.

71. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

72. Each defendant officer acted with malice in initiating

criminal proceedings against the plaintiff.

73. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiffs.

74. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiffs.

75. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

76. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

77. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

78. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

79. Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

80. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

81. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and their constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an

amount to be determined at trial, against each defendant officer, individually and severally.

### AS A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:
### ASSAULT AND BATTERY

82. Plaintiffs repeat and re-allege paragraphs 1 through 81 as if each paragraph is repeated verbatim herein.

83. At the time of the plaintiffs' arrest by the defendant officers, the plaintiffs did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

84. However, as set forth above, the defendant officers assaulted the plaintiffs, battered the plaintiffs, and subjected the plaintiffs to excessive force and summary punishment.

85. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

86. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

87. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

### AS A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

88. Plaintiffs repeat and re-allege paragraphs 1 through 87 as if each paragraph is repeated verbatim herein.

89. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiffs suffered physical injury, conscious pain and

suffering, medical expenses, and mental anguish.

90.    That by reason of the said negligence, the plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

91.    This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

       **WHEREFORE,** plaintiffs respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

Dated: September 23, 2014,
        Brooklyn, New York

                        O'keke & Associates, PC.

                        /S/ *John Iwuh*

                        By:  John Iwuh, Esq. [JI 2361]
                        801 Franklin Avenue,
                        Brooklyn, New York 11238
                        Tel. No.  :( 718) 855-9595
                        DIRECT DIAL: (347) 442-5089

                        Patrick O'keke, Esq.  [PO 2861)
                        801 Franklin Avenue,
                        Brooklyn, New York 11238
                        Tel. No.  :( 718) 855-9595

Civil Case Number: <u>14-CV-3204(RJD) (VMS)</u> Attorney: <u>JOHN C. IWUH</u>
<u>[JI 2361]</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNIQUE ALLEN and JUSTIN RAMOS,

                                        Plaintiff(s),

     against


THE CITY OF NEW YORK,
P.O. TODD HANSEN, (SHIELD #13329), ET AL.

                                        Defendant(s).

---

**AMENDED SUMMONS & AMENDED COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595  FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

                    Dated:_____

            Attorney(S) For:_____

---